# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE AKAIM RUSH,<br><br>    Petitioner,<br><br>    v.<br><br>G. J. JANDA, Warden,<br><br>    Respondent. | Case No. CV 12-4601-JAK (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 13, 2013, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Petitioner's Petition for Writ of Habeas Corpus ("Petition") be denied and the action dismissed with prejudice. Thereafter, on February 21, 2014, Petitioner filed Objections to the R&R ("Objections").

With respect to the claim that the trial court prejudicially erred by denying Petitioner's severance motion, Petitioner objects that the R&R "failed to address the fact that the prosecution encouraged the jury to consider the crimes in concert." (Objections at 9 (citing Reply at 19).) As an initial matter, Petitioner improperly raised this argument for the first time in his Reply. (See Objections at 9); Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived"). In any event, even if the prosecution argued that the various counts shared some similarities (see, e.g., Reporter's

1 Transcript at 954-55, 987, 988), and despite the fact that the evidence relating to the several
2 charges may not have been cross-admissible, joinder of the counts cannot be said to have
3 rendered Petitioner's trial fundamentally unfair for the reasons discussed in the Magistrate
4 Judge's R&R. (See R&R at 38-39 (finding that this was not a situation where a weak case was
5 joined with a strong one, the counts sought to be severed were not more inflammatory than the
6 others, Petitioner failed to show that joinder affected his right to testify with respect to some,
7 but not all, counts, and the jury instruction that each count must be decided separately cured
8 any confusion caused by any spillover between the various charges)); Davis v. Woodford, 384
9 F.3d 628, 638 (9th Cir. 2004), cert. denied, 545 U.S. 1165 (2005).  Moreover, the evidence
10 related to the counts sought to be severed was "simple and distinct[,]" Bean v. Calderon, 163
11 F.3d 1073, 1085-86 (9th Cir. 1998), and there is very little likelihood that the jury would have
12 confused the evidence on the various counts or impermissibly used evidence of one count in
13 deliberating about another.  In sum, there is no merit to Petitioner's contention that the trial
14 court prejudicially erred by denying Petitioner's severance motion.  See, e.g., Pridmore v.
15 Haws, 2010 WL 3702450, at *10-*11 (N.D. Cal. 2010) (appellate court reasonably concluded
16 that joinder of the trial on two incidents did not violate due process notwithstanding the lack of
17 cross-admissibility of the evidence, and despite the fact that the prosecutor argued that the
18 charges shared similarities, given that one incident was not more inflammatory than the other,
19 the evidence on one incident was not significantly stronger than the evidence on the other, and
20 the offenses were distinct and easily separable).

21  Petitioner's remaining objections are without merit and warrant no comment.

22  Based on the foregoing and pursuant to 28 U.S.C. Section 636, the Court has reviewed
23 the Petition, the records on file, and the R&R of the United States Magistrate Judge.  Petitioner
24 has filed Objections, and the Court has engaged in a de novo review of those portions of the
25 R&R to which Petitioner has objected.  The Court accepts the findings and recommendations
26 of the Magistrate Judge.

27
28

IT IS HEREBY ORDERED that: (1) the Motion for Stay (Docket No. 37) is denied; (2) the Petition for Writ of Habeas Corpus is denied; and (3) Judgment shall be entered dismissing the action with prejudice.

DATED: April 2, 2014

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

3